# Supreme Court of the Navajo Nation

---

**Safe Ride Services, Inc., Appellant,**
v.
**Susie A. Todachine, Appellee.**
**Decided August 28, 1996**

---

## OPINION

Before YAZZIE, Chief Justice, CADMAN and JOHNSON* (*sitting by designation), Associate Justices.

John A. Chapela, Esq., Window Rock, Navajo Nation (Arizona), for the Appellant; and Lawrence A. Ruzow, Esq., Window Rock, Navajo Nation (Arizona), for the Appellee.

Opinion delivered by YAZZIE, Chief Justice.

This is an appeal of the August 14, 1994 decision of the Navajo Nation Labor Commission (Commission). It found that Safe Ride Services, Inc. (Safe Ride) wrongfully terminated Susie A. Todachine (Todachine), the appellee, without just cause in violation of the Navajo Preference in Employment Act (Act), 15 N.N.C. §§ 601-619, and awarded her $14,229, plus 10% interest.

## I

On November 16, 1992, Todachine was hired as a driver with Safe Ride, an Arizona corporation. Safe Ride provides transportation services for medical patients both within and outside the exterior boundaries of the Navajo Nation. As her primary duty, Todachine transported patients to various medical and health care facilities. While performing her job, Todachine was to be on an on-call status (when her name did not appear on the drivers' schedule), have a home telephone, and carry a pager. Safe Ride paid her wages at $6.20 per hour. Rebecca Healing, the Safe Ride manager and Todachine's immediate supervisor, posted a weekly drivers' schedule.

The two personnel actions at issue[1] involve two separate written warnings against Todachine. The first is failure to respond to Healing's "call-in" on June 25, 1993. Todachine failed to transport a patient from the Chinle Public Health Service Hospital to Albuquerque, New Mexico. Following that incident, Healing

---

1. Todachine previously received two adverse personnel actions. The first on February 10, 1993, for family interference, and the second on April 16, 1993, for speeding while transporting patients.

verbally informed Todachine of her failure to respond to the June 25th "call in." On June 29, 1993, Todachine received a written warning. It stated, "if employee receives one more report of any kind - automatic termination." Attached were also statements of Healing's unsuccessful attempts to contact Todachine. Todachine left Healing's office thinking she had been terminated.

Todachine received a second written warning on July 1, 1993. It stated:

> Employee has 3 written warning reports, but yet no action has been taken. Failure to follow the chain of command for reports. Does not follow direct orders from current manager.

Todachine was consequently placed on 30 days probation.[2]

On July 2, 1993, Todachine requested a formal grievance hearing "concerning [her] termination from employment." She claimed that during the morning of June 25, her telephone did not ring nor did she receive a call-in message on her pager.

On July 14, 1993, Safe Ride vice president, Jack Spencer, sent Todachine a written response to her request for a grievance hearing. He advised her that the warning report "does not state that you were placed on 30 days probation." Specifically, Spencer told Todachine:

> Our reports indicate that, upon receiving the report, you left and never returned. The company, not knowing your intentions, waited for a reply from you. If your intentions are to seek re-employment after the 30 days probation, you will need to contact [our staff] to state your intentions.

On August 30, 1993, Todachine filed a complaint with the Office of Navajo Labor Relations (ONLR) alleging that she was terminated without just cause on July 1, 1993 and that her position had been filled, leaving her without employment in violation of the Act.

On September 29, 1993, Safe Ride responded to the complaint. It disputed Todachine's employment termination claim, arguing that she had been on unpaid medical leave since July 2, 1993. Safe Ride told Todachine that she would be allowed to return to work with her doctor's written permission.[3]

On February 1, 1994, the ONLR notified Todachine that Safe Ride violated the Act and issued her a right to sue letter.

On June 24, 1994, Todachine filed a complaint against Safe Ride with the Commission claiming violations of the Act.

On August 19, 1994, the Commission issued its judgment, finding that the June 29th and July 1st warning reports and Safe Ride's failure to reinstate Todachine as of November 23, 1993 constituted adverse actions without just

---

2. Safe Ride's employee handbook (published by Personnel Dynamics, Inc.), provides "that an employee is on 90-days probation when the employee is a new hire, or when a regular employee is transferred or promoted to a new job."

3. On July 14, 1993, Todachine visited a doctor for treatment of an injured knee. She underwent surgery on the knee in September 1993. Her attending physician set a return-to-work date of October 18, 1993, but limited work to clerical duties only.

cause in violation of the Act.

The Commission awarded Todachine $14,229, plus 10% interest. Specifically, the Commission awarded her back pay[4] and paid medical leave.[5] Safe Ride withheld federal income tax, and deducted social security and Medicare assessments from her award. The Commission also found that Safe Ride's employee handbook failed to comply with the Act's provisions requiring just cause to be established by clear and convincing evidence for any adverse action against an employee. 15 N.N.C. §§ 4(B)(8) and 11(B).

On September 6, 1994, eighteen days after the Commission entered its judgment, Safe Ride filed a notice of appeal with this Court.

## II

The issues are: 1) whether Safe Ride's notice of appeal was timely filed; and 2) whether the Commission's decision to award Todachine $14,229, plus 10% interest is supported by the findings.

## III

This Court, as a matter of law, has jurisdiction to hear appeals from final administrative orders. 7 N.N.C. § 801(A); see *Navajo Skill Center v. Benally*, 5 Nav. R. 93 (1986). In particular, Section 613 of the Act grants this Court the power to hear appeals from final decisions of the Labor Commission. *Ariz. Public Service Co. v. Office of Navajo Labor Relations*, 6 Nav. R. 246, 268 (1990).

Section 613.A of the Act requires that any appeal from the Commission must be filed with this Court "within ten (10) days *after receipt* of the Commission's decision." (emphasis added). The failure to file a notice of appeal within the statutory time limits is a jurisdictional defect and the Court must dismiss the appeal. *See In re Adoption of Doe*, 5 Nav. R. 141 (1987) (citing *Window Rock Mall Ltd. et al. v. Day IV*, 3 Nav. R. 58 (1981); *Sorrell v. Navajo Nation*, 3 Nav. R. 23 (1980)).

When did Safe Ride receive the Commission's decision? Who has the burden of proving that the notice of appeal was timely filed? The Commission issued its judgment on August 19, 1994. Safe Ride then filed a notice of appeal on September 6, 1994, more than ten days after the Commission signed the judgment.

During oral argument, Safe Ride argued that it received the Commission's decision one week after the judgment was signed. The record does not show when the Commission mailed its decision to the parties. Also, neither Safe Ride nor Todachine presented evidence showing when each received the Commission's decision.

---

4. For the periods from July 2, 1993 to July 22, 1993 and from November 24, 1993 to June 24, 1994 (the evidentiary hearing date) at a rate of $558.00 bi-weekly.

5. For the period from July 22, 1993 to November 23, 1993.

Safe Ride has the burden to prove that its appeal has been timely filed. It failed to prove that its notice of appeal was filed within 10 days after it received the Commission's decision. Thus, this Court lacks jurisdiction over this appeal.

As a matter of practice, the Commission should use certified mail to send out its decisions. This practice would eliminate any dispute over when the Commission's judgment was received. The Commission should also include keeping a docket sheet and a record of its mailings to parties.

We dismiss Safe Ride's appeal for lack of jurisdiction. We need not reach the second issue.